WILLIAM C. TEMPLE, *Plaintiff in Error,* v. WILLIAM SHULTZ, JR., *Defendant in Error.*

The evidence examined and found not sufficient to support the verdict.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*Massey & Warlow* for plaintiff in error.

*John M. Cheney* for defendant in error.

MAXWELL, J.—This case was referred to Division B for determination, but owing to a difference of opinion among the members of that division was referred to the court *in banc.*

The defendant in error recovered judgment in the court below for services rendered to the plaintiff in error

in acting as his "banker" in receiving money on deposit and paying it out upon orders to various creditors of the depositor. The plaintiff was a merchant at Winter Park, and the defendant a winter resident who was making various improvements upon his property there, and the payments were principally to his employes, who were required to present their orders in person at the store of the plaintiff. The question at issue before us is whether the evidence shows the right to recover compensation for the services rendered.

The defendant testifies that it was understood between the parties in arranging for the deposit that the consideration to Schultz for attending to the matter for him was the use of the deposit in his hands, which was not to be allowed to fall below three hundred dollars, and the opportunity for trade which the cashing of the orders would afford. Both parties agree that nothing was said about any other compensation, but the plaintiff denies that it was understood that he was to receive nothing else, and testifies that he all along expected to be paid; that he has no positive recollection of the defendant saying anything about the account being a benefit to his business by bringing people in the store, though he may have said something of the kind in opening the account, and he admits that it was agreed that a balance should be maintained in his hands of two or three hundred dollars. The only purpose in maintaining a balance in the plaintiff's hands beyond that actually needed for the payments to be made by him would be to make it advantageous to him to undertake the work, and the other advantage, i. e., that of having men brought to his store with money in their pockets is perfectly obvious, and its discussion by the parties in entering into the agreement is not denied. It may be regarded as certain, therefore, that both of these considerations to the plaintiff were then in the contemplation of the parties, and that none other were suggested. And these considerations are all that usually accrue to one for acting as the banker of another. Even did the evidence stop here,

then there would be difficulty in supporting the verdict rendered in the case.

For ten months the agreement continued in force without a suggestion that other remuneration was to be paid for the services of Schultz. Then Schultz refused to cash an order payable to McKinney, the defendant's foreman, unless he could deduct therefrom a small debt which the latter owed him. This McKinney refused, and the defendant sent direct to him a check for the amount of the order. Shortly thereafter the plaintiff made his first suggestion that he be paid for his services, in the following letter written by him to Mrs. Temple, to whose name the account had been transferred: "Dear Madam: Enclosed please find statement of your account made up to the 4th inst. inclusive, showing balance in your favor of $119.92, and which I trust you will find all correct. In connection with the keeping of this account I would respectfully state that as it involves considerable work and some little expense I feel as if I ought to be remunerated, and whatever percentage you and Mr. Temple decide upon I trust will be satisfactory to me. I would also state that I have derived very little or no trade worth mentioning from the hands in your employ, and as McKinney is not friendly disposed toward me on account of my endeavoring to collect from him the small debt he owes me, he has done as little trading with me as possible, both for his own and your account. Yours very truly." This demand was refused and suit was brought. We think it clear that this was not the letter of an employe or contractor requesting payment of his agreed earnings. In an explanatory and apologetic way he states that as the matter involved trouble and expense, and the contemplated benefits have failed, he feels as if he ought to be remunerated; clearly a tentative suggestion of what he knows was never in the mind of the other party, with reasons and excuses for making it.

It is not a case where no consideration was mentioned for services to be rendered and a reasonable one will be implied. The uncontradicted evidence shows a contract between the parties, with the consideration from each mutually agreed upon; to one certain services to be rendered, to the other a sustained balance to be kept in his hands by the first, with the incidental benefits also which he might derive from reasonably anticipated trade. This was expressly agreed upon on each side, and were we now to sustain the finding of the jury, we would add to the burden of one side an obligation not mentioned in making the contract, and not within the contemplation of the parties at that time.

We are of the opinion that the testimony does not sustain the verdict and that the judgment should be reversed and a new trial granted.

TAYLOR, C. J., SHACKLEFORD and HOCKER, JJ., concur.

CARTER and COCKRELL, JJ., dissent.